UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOISEY CALDWELL,

                Plaintiff,

-against-

CITY OF NEW YORK; DEPARTMENT OF LAW,

                Defendants.

18-CV-6064 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, United States District Judge:

      Plaintiff Boisey Caldwell, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants have violated his rights. By order dated April 30, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff's typewritten complaint presents a great amount of disjointed information. He includes poetry and pictures, for example, and it is unclear how the poetry and pictures may relate to his claims against the defendants. Plaintiff also attaches photographs and copies of handwritten complaints that are difficult to read. Several attached documents, however, appear to make clear what the basis is for Plaintiff's complaint against Defendants.

Plaintiff, who identifies himself as a disabled person, alleges that on December 6, 2017, he was approached by someone with a knife. Plaintiff filed a complaint (report # 06614) at the 28th Precinct regarding the incident. Plaintiff wished to add information to his complaint, so on April 30, 2018, he returned to the 28th Precinct. There, an officer informed Plaintiff that he did not have to come to the 28th Precinct to add to his complaint − he could go to any precinct. Plaintiff responded that he lived right next to the 44th Precinct. The officer told Plaintiff that he could go there. When Plaintiff arrived at the 44th Precinct, however, officers said, "we don't care, we don't care, we don't care," (Compl. at 16)[1] "all in unison as if it were a new song," (*Id.* at 43.) This led Plaintiff to believe "they were out to hurt me rather than protect me as I have been lead [sic] to believe." (*Id.* at 44.)

Plaintiff asserts that the 44th Precinct officers "denied him equal protection of the law." (*Id.*)

**DISCUSSION**

A.   **Pleading Requirements**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief

---

[1] Page numbers refer to those generated by the Court's electronic case filing system.

if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

The Court has closely scrutinized Plaintiff's complaint, and although Plaintiff presents a great amount of information, Plaintiff fails to state a claim against Defendants. The Court therefore dismisses the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.  Claims Under 42 U.S.C. § 1983**

Because Plaintiff alleges that Defendants violated his rights, Plaintiff's claims are construed as arising under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

Plaintiff alleges that Defendants failed to protect him by denying him the right to add information to his complaint regarding an individual who approached him with a knife.

The government generally has no duty under the Fourteenth Amendment to investigate or protect an individual against harm from others. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Lewis v. Gallivan*, 315 F. Supp. 2d 313, 316-17 (W.D.N.Y. 2004) (holding that there is "no constitutional right to an investigation by government officials");

3

*Lewis v. New York City Police Dep't*, No. 99-CV-0952 (RWS), 2000 WL 16955, *4 (S.D.N.Y. Jan. 10, 2000) ("There is no constitutional right to force an officer to make an arrest.").

The Second Circuit has recognized two exceptions to this general rule. First, "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Id.* at 200. This affirmative duty to protect arises "not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf." *Id.*

Second, the government may assume some obligation when it affirmatively creates or increases the danger to the plaintiff. *See Dwares v. City of N.Y.*, 985 F.2d 94, 98-99 (2d Cir. 1993). The state-created danger doctrine has been applied where state actors actively facilitate harm, such as "where police officers told skinheads that they would not prevent them from beating up protesters in the park . . . [or] where a prison guard told inmates that it was 'open season' on a prisoner, and the inmates beat up the prisoner." *Matican v. City of N.Y.*, 524 F.3d 151, 155 (2d Cir. 2008); *Clarke v. Sweeney*, 312 F. Supp. 2d 277, 291 (S.D.N.Y. Mar. 30, 2004) ("The cases where the state-created danger theory was applied were based on discrete, grossly reckless acts committed by the state or state actors leaving a discrete plaintiff vulnerable to a foreseeable injury.").

Plaintiff's allegations do not show that the City of New York or any NYPD officer either had an affirmative duty to protect Plaintiff or created or increased any danger to him. Rather, it appears from the allegations that 44th Precinct officers may have rejected an addition that Plaintiff sought to file to supplement his original complaint regarding being threatened by a person with a knife. These allegations fail to state a claim under § 1983 on which relief can be

granted. The Court must therefore dismiss this claim against Defendants for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Municipal Liability

Plaintiff's allegations also fail to state a municipal liability claim against Defendants. When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

There are no facts in the complaint implicating a municipal policy, custom, or practice. Plaintiff has therefore failed to state a municipal liability claim against the City of New York.

### D. Litigation History

Plaintiff is no stranger to the Court. From November 7, 1995, to January 13, 2004, Plaintiff filed ten actions in the United States District Court for the Northern District of New York. *See Caldwell v. Barrier*, No. 04-CV-0037 (N.D.N.Y. Jan. 22, 2004) (dismissing action for failure to state a claim); *Caldwell v. Tschantre*, Nos. 96-CV-0353, 96-CV-0357, 96-CV-0358, 96-CV-0359, 96-CV-0360 (N.D.N.Y.) (finding by jury in favor of Defendants); *Caldwell v.*

*Reynolds*, No. 95-CV-1586 (N.D.N.Y. Nov. 28, 2001) (dismissing action for Plaintiff's failure to file a motion for substitution); *Caldwell v. DeLaRosa*, No. 95-CV-1804 (N.D.N.Y. Mar. 26, 1997) (granting Defendant's motion to dismiss); *Caldwell v. Kakretz*, No. 95-CV-1803 (N.D.N.Y. Mar. 26, 1997) (granting Defendant's motion to dismiss); *Caldwell v. Adamik*, No, 95-CV-1805 (N.D.N.Y. June 18, 1996) (dismissing Plaintiff's claim against Defendant).

In addition to this case, Plaintiff has filed three other actions in this Court that were dismissed.[2] *See Caldwell v. The City of New York*, ECF1: 17-CV-7808, 37 (S.D.N.Y. Sept. 6, 2018) (dismissing action for failure to state a claim); *Caldwell v. Sharpton*, ECF 1:16-CV-0481, 4 (S.D.N.Y. Mar. 21, 2016) (dismissing action for failure to state a claim); *Caldwell v. Goings*, ECF 1:08-CV-5188, 3 (S.D.N.Y. June 6, 2008) (dismissing action because it lacked an arguable basis either in law or in fact).

In light of Plaintiff's litigation history, the Court finds that Plaintiff was or should have been aware that his claims lacked merit when he filed them. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements)." Accordingly, he is warned that further frivolous or otherwise nonmeritorious litigation in this Court will result in an order barring Plaintiff from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis*

---

[2] Plaintiff has a pending case in this Court. *See Caldwell v. Sutton*, No. 19-CV-5236 (filed June 3, 2019).

6

under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is warned that further frivolous or otherwise nonmeritorious litigation in this Court will result in an order barring him from filing any new civil actions without prior permission. *See* 28 U.S.C. § 1651.

The Clerk of Court is further directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 19, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge